UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

UNITED STATES OF AMERICA

vs.                                    Case No. 2:08-cr-66-FTM-29DNF

JAMES MARQUIS QUARTERMAN
_____

**OPINION AND ORDER**

This matter is before the Court on defendant James M. Quaterman's *pro se* Motion of Movant for Modification or Reduction of Sentence Based Upon Intervening Post-Sentencing Change in the United States Sentencing Guidelines Pertaining to Cocaine Base "Crack" Offenses (Amendment) 750 Which Effectively Lowers Petitioner's Term of Imprisonment (Doc. #149). The Court appointed the Federal Public Defender (FPD) to represent defendant (Doc. #150), and the FPD filed a Response Regarding Amendment 750 (Doc. #156) on December 28, 2011. The United States filed its Response (Doc. #158) on January 9, 2012.

Title 18 U.S.C. § 3582(c) gives the court discretionary authority to reduce the term of imprisonment portion of a defendant's sentence under certain circumstances. Section 3582(c)(2) provides in pertinent part:

> (c) The court may not modify a term of imprisonment once it has been imposed except that -
>
> . . .
>
> (2) in the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has

subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. 994(o), upon motion of the defendant or the Director of the Bureau of Prisons, or on its own motion, the court may reduce the term of imprisonment, after considering the factors set forth in section 3553(a) to the extent that they are applicable, if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.

18 U.S.C. § 3582(c)(2). Defendant is eligible for a reduction of sentence, but only to the statutory mandatory minimum of 120 months imprisonment.

At the original sentence, the Court determined that defendant's Total Offense Level was 24, his Criminal History Category was VI, and the Sentencing Guidelines range was 120[1] to 125 months imprisonment. Defendant was sentenced to 125 months imprisonment. The application of Amendment 750 results in a Total Offense Level of 22, a Criminal History Category of VI, and a Sentencing Guidelines range of 120 months imprisonment, the mandatory minimum. U.S. Sentencing Guidelines Manual § 5G1.1(c)(2).

The statutory mandatory minimum precludes a sentence reduction under Amendment 750 which is below the 120 months. United States v. Velez, No. 11-15278, 2012 WL 833318 (11th Cir. Mar. 14, 2012). See also U.S. Sentencing Guidelines Manual § 1B1.10 cmt. n.1; United States v. Mills, 613 F.3d 1070, 1075-79 (11th Cir. 2010)(statutory mandatory minimum precluded application of Amendment 706). Additionally, defendant's offense behavior and his original sentence

---

[1]There was a statutory mandatory minimum of 120 months.

both occurred prior to the August 3, 2010, effective date of the Fair Sentencing Act of 2010. The Eleventh Circuit has held that the Fair Sentencing Act does not apply in such circumstances. United States v. Gomes, 621 F.3d 1343, 1346 (11th Cir. 2010), cert. denied, 131 S. Ct. 1833 (2011). The two cases in which certiorari has been granted, Hill v. United States, 132 S. Ct. 759 (2011) and Dorsey v. United States, 132 S. Ct. 759 (2011), both involved defendants sentenced for the first time after the effective date of the Fair Sentencing Act. United States v. Allen, No 11-14649, slip op. at 5 n.1 (11th Cir. Apr. 30, 2012).

Accordingly, it is now

**ORDERED AND ADJUDGED:**

1. James M. Quaterman's *pro se* Motion of Movant for Modification or Reduction of Sentence Based Upon Intervening Post-Sentencing Change in the United States Sentencing Guidelines Pertaining to Cocaine Base "Crack" Offenses (Amendment) 750 Which Effectively Lowers Petitioner's Term of Imprisonment (Doc. #149) is **GRANTED IN PART AND DENIED IN PART**.

2. The Clerk of the Court shall enter an Amended Judgment reducing the sentence imposed to one hundred twenty (120) months imprisonment, and otherwise leaving all other components of the sentence as originally imposed. This Opinion and Order and the Amended Judgment are subject to the prohibition contained within U.S.S.G. § 1B1.10(b)(2)(c) which provides that "[i]n no event may the reduced term of imprisonment be less than the term of imprisonment the

3

defendant has already served." The motion is otherwise denied.

**DONE AND ORDERED** at Fort Myers, Florida, this __2nd__ day of May, 2012.

                                                                            _____
                                                                            JOHN E. STEELE
                                                                            United States District Judge

Copies:
Counsel of Record
U.S. Probation
U.S. Marshal
DCCD
James M. Quarterman